United States District Court
Southern District of Texas
**ENTERED**
December 02, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES EDWARD LEWIS, TDCJ #1040551, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-3414 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, | § § § § | |
| Respondent.[1] | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, James Edward Lewis (TDCJ #1040551), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief under 28 U.S.C. § 2254 from a state court judgment of conviction. Lewis has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

## I. Background

Lewis is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as

---

[1] The petitioner lists Warden Jennifer Brown as the respondent. Because the petitioner is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the court substitutes Director William Stephens as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Proceedings in the United States Courts.

the result of a 2001 conviction in Harris County cause number 867453. A jury in the 232nd District Court for Harris County, Texas, convicted Lewis of unauthorized use of a motor vehicle and he was sentenced to 15 years' imprisonment. The conviction was affirmed on direct appeal in an unpublished opinion. See Lewis v. State, No. 14-01-00735-CR (Tex. App. — Hous. [14th Dist.] 2002, pet. ref'd).

In his pending Petition Lewis contends that he is entitled to a writ of habeas corpus, a writ of mandamus, or outright release on parole because his 15-year sentence is "unconstitutional" for unspecified reasons and that he has been denied an evidentiary hearing in state court.[2] To the extent that Lewis challenges a conviction that was entered against him in 2001, his petition appears barred by the governing one-year statute of limitations. See 28 U.S.C. § 2244(d)(1)(A). More importantly, this is not Lewis's first attempt to challenge his conviction and 15-year sentence on federal habeas corpus review.

Court records reflect that Lewis has filed a previous federal habeas corpus petition challenging the same conviction for unauthorized use of a motor vehicle in cause number 867453. In that case Lewis argued that his 15-year sentence was unconstitutional for several reasons.[3] The court granted the respondent's

---

[2]Petition, Docket Entry No. 1, pp. 6-7.

[3]Petition for a Writ of Habeas Corpus By a Person in State Custody, Docket Entry No. 1 in Civil No. H-05-0522, pp. 7-8.

motion to dismiss the petition with prejudice on March 1, 2005. See Lewis v. Dretke, Civil No. H-05-0522 (S.D. Tex.). The Fifth Circuit denied Lewis a certificate of appealability from that decision. See Lewis v. Dretke, No. 05-20272 (5th Cir. Dec. 14, 2005).

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). If Lewis's Petition qualifies as a successive writ, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867

(5th Cir. 2000). The claims raised by Lewis in this case are similar to the ones presented in his earlier habeas corpus proceeding.[4] Thus, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, Lewis is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Lewis has not presented the requisite authorization. Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Accordingly, to the extent that Lewis seeks relief from his conviction in Harris County cause number 867453 the Petition must be dismissed as an unauthorized successive writ.[5]

---

[4]Compare Petition, Docket Entry No. 1, pp. 6-7, with Petition, Docket Entry No. 1 in Civil No. H-05-0522, pp. 7-8.

[5]Lewis briefly mentions a "parole hearing" that occurred on October 2, 2015 (Docket Entry No. 1, p. 9). He does not indicate whether his parole was revoked or whether release on parole was denied and he does not otherwise raise any substantive grounds for
(continued...)

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

---

[5](...continued)
relief from this proceeding. Because Lewis does not purport to challenge a specific adverse decision concerning his parole, the court does not address this proceeding further.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the Petition in this case qualifies as a second or successive application. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by James Edward Lewis (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized successive application.

2. Lewis's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 1st day of December, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE